**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 04-30004** |
| **VERSUS** | * | **JUDGE JAMES** |
| **STEVE STAPLETON** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. #61) filed on behalf of Defendant, Steve Stapleton ("Stapleton"). The Government opposes Stapleton's motion. (Doc. # 64). For reasons stated below, it is recommended that the motion be **DENIED.**

## BACKGROUND

Stapleton was charged by grand jury indictment with two counts of being a convicted felon in possession of a firearm and an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c) (Counts 1 and 2) and one count of forfeiture of two firearms and ammunition pursuant to 18 U.S.C. § 924(d)(1) (Count 3). After a two-day trial, a jury found Stapleton guilty of Counts 1 and 2. The forfeiture count was dismissed by the Government.

The District Judge adopted the findings of fact contained in the Presentence Investigation Report ("PSR") and found Stapleton subject to an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Stapleton was sentenced to a term of 210 months imprisonment to be followed by a five-year term of supervised release.

On March 20, 2006, the United States Court of Appeals for the Fifth Circuit affirmed Stapleton's conviction and sentence and the United States Supreme Court denied Stapleton's petition for a writ of certiorari on June 19, 2006.

**LAW AND ANALYSIS**

The Law of § 2255 Actions

Issues that a defendant can present in a motion filed under 28 U.S.C. § 2255 are limited. There are, essentially, four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. den.*, 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992), the United States Court of Appeals for the Fifth Circuit stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

Collateral review is fundamentally different from and may not replace a direct appeal.

2

*United States v. Frady*, 456 U.S. 1624 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076 (1992). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *en banc, cert. denied*, 112 S.Ct. 978 (1992)); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," pursuant to a narrow exception, a defendant may be entitled to relief under 28 U.S.C. § 2255 if the error of a constitutional nature would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232. Without a "colorable showing of factual innocence," the defendant fails to show a fundamental miscarriage of justice. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993); *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).

As his §2255 petition, Stapleton basically attached a copy of his appellate brief that was filed with the Fifth Circuit. On appeal, Stapleton argued that he was not properly sentenced under the Armed Career Criminal Act. The Fifth Circuit, however, rejected Stapleton's argument and affirmed the district court's sentencing. Thus, to the extent that Stapleton reiterates the

claims and arguments that were raised and rejected on direct appeal, those claims cannot be considered in a motion under section 2255. *Segler*, 37 F.3d at 1134; *Kalish*, 780 F.2d 508; *Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *see also Bousely v. United States*, 523 U.S. 614, 621 (1998).

Ineffective Assistance of Counsel

Stapleton's remaining claim is that his attorney was ineffective in failing to present an affidavit to impeach a witness at trial.

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F. 3d 585, 589 (5th Cir. 1996); *United States v. Gipson*, 985 F. 2d 212 (5th Cir. 1993); *United States v. Navejar*, 963 F. 2d 733, 735 (5th Cir. 1992). However, not all ineffective assistance of counsel claims are cognizable for the first time on collateral attack absent proof of "manifest injustice." Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the defendant of some other constitutional right. *Strickland v. Washington*, 466 U.S. 668, 686-7 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the ineffectiveness of counsel prejudiced him. *Id.*

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). Furthermore, the parts of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). In addition, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

4

In applying the first part of the *Strickland* test, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Strickland* at 689-690. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland* at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F. 2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *See also Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

Stapleton argues that his attorney should have used the sworn affidavit of a witness, Amanda R. Hatten ("Hatten"), to impeach her at trial. The impeachment of a witness or the extent to which a witness is impeached, is a strategic choice well within the broad discretion of trial counsel. *See Dunham v. Travis*, 313 F.3d 724, 732 (2nd Cir.2002). ("Decisions about whether to engage in cross-examination and if so to what extent and in what manner are .... strategic in nature and generally will not support an ineffective assistance claim.").

A review of the trial transcript reveals that Stapleton's attorney cross-examined Hatten at trial about the differing versions of her testimony.

5

| | | |
|---|---|---|
| ATTNY: | So did you ever tell the police anything about the guns? | |
| HATTEN: | Yes, sir. I told the police a different story, the story Steve asked me to stick with. | |
| ATTNY: | How many stories have you told? | |
| HATTEN: | Two. | |
| ATTNY: | Two? | |
| HATTEN: | The truth and the false. | |
| ATTNY: | So basically you told the police one time that they was your guns? | |
| HATTEN: | I told the police that the one that they had found at the house I had purchased, which is false. | |

(Trial Transcript pg. 88). Thus, the trial transcript shows that Stapleton's counsel did in fact use Hatten's prior testimony to impeach her on cross-examination. Stapleton has not established that his attorney's actions were unreasonable or that they prejudiced him. Therefore, for the reasons stated above, it is recommended that Stapleton's motion be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 3rd day of November, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE