UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-30004 |
| VERSUS | JUDGE ROBERT G. JAMES |
| STEVE STAPLETON | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a pleading filed by Defendant Steve Stapleton ("Stapleton"), which is styled a "Motion to Request Recommendation of Non [sic] Pro Tunc Designation under 18 U.S.C. § 3621(b)" ("Second Motion for Recommendation") [Doc. No. 79].

In 2003, Stapleton was serving parole based on a conviction in the 4th Judicial District, Parish of Ouachita, for a distribution of cocaine. On or about August 5, 2003, Stapleton's state parole officer searched his residence in Columbia, Louisiana, which is located in Caldwell Parish. The parole officer located marijuana, cocaine, a Glock, Model 26, 9mm caliber pistol bearing serial number DBVO59US, rounds of ammunition, and a scanner in the residence. After the parole officer discovered the drugs, but prior to completion of the search, Stapleton fled the residence.

On August 22, 2003, the Caldwell Parish Sheriff's Department advised the Winn Parish Sheriff's Department that it had received information that Stapleton was hiding at a camp in that parish. State and local law enforcement officers executed a search of the camp, and Stapleton exited through the back door with a tote bag in his hand. After a warning shot was fired, Stapleton dropped to the ground and was subsequently arrested. Law enforcement officers

discovered that the tote bag contained an FEG, Model P9RK, 9 mm caliber pistol bearing serial number KO9775, various rounds of ammunition, binoculars, a large knife, and other items.

The above-referenced facts resulted in multiple criminal charges against Stapleton in multiple parishes. In Caldwell Parish, the 37th Judicial District, Stapleton was charged under two separate docket numbers. In one case, Stapleton was charged with possession of a controlled dangerous substance, possession of a firearm by a convicted felon, and resisting an officer. In a second case, he was charged with simple escape.

In Winn Parish, the 8th Judicial District, Stapleton was charged with resisting by flight, burglary, possession of a firearm by a convicted felon, and possession of marijuana.

In Ouachita Parish, in Docket No. 98-F0044, parole revocation proceedings were commenced.

On January 28, 2004, he was indicted in this Court of two counts of possession of a firearm by a convicted felon. He was charged with being in possession of the Glock found in his residence in Caldwell Parish and the FEG found in the tote bag at the time of his arrest in Winn Parish.

Two days later, on January 30, 2004, Stapleton was sentenced to serve a 15-year term of imprisonment on the parole revocation.[1]

On September 23, 2004, Stapleton was convicted of both federal counts. The jury also found, as to each count, that Stapleton had three prior felony convictions, thus bringing him

---

[1] Stapleton was originally sentenced to serve a 10-year term of imprisonment on the underlying charges, five years of which was to be served without benefit of probation, parole, or suspension of sentence. It appears, based on the records cited by the state probation office, that Stapleton's parole was revoked, and he was sentenced to an additional term of imprisonment based on the new charges.

within the enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(3).

On January 4, 2005, the Court sentenced Stapleton to serve a term of imprisonment of 210 months, to run concurrently with any state parole revocation sentence. The Court did not address the other pending state charges in Caldwell and Winn Parishes.

According to Stapleton, on January 30, 2005, he was sentenced to a second 15-year term of imprisonment on the state court charges of possession of a firearm by a convicted felon. He does not state which court, the 37th Judicial District Court or the 8th Judicial District Court, sentenced him. However, according to the records of the 8th Judicial District Court, Stapleton was sentenced to a 15-year term of imprisonment to be served without benefit of probation, parole, or suspension of sentence. The state court judge indicated, however, that it was his intent for the sentence to run concurrently to Stapleton's federal sentence. The last records of the 37th Judicial District Court indicate that trial was continued without date.[2]

Stapleton appealed his federal conviction and sentence to the United States Court of Appeals for the Fifth Circuit. Specifically, Stapleton argued that he was improperly sentenced as an armed career criminal. On March 20, 2006, the Fifth Circuit affirmed his conviction and sentence.

On August 4, 2006, he sought post-conviction relief pursuant to 28 U.S.C. § 2255. Stapleton argued that he was improperly sentenced as an armed career criminal and that his counsel was ineffective for failing to present an affidavit to impeach a trial witness. The Magistrate Judge recommended that the Court deny and dismiss Stapleton's petition. The Court agreed, and, on December 8, 2008, the Court issued a Judgment [Doc. No. 72] dismissing

---

[2]According to the District Attorney for Caldwell Parish, the charges there prescribed in 2011.

Stapleton's petition. Stapleton did not appeal.

On March 9, 2009, the Fifth Circuit denied Stapleton's request to file a second and successive § 2255 motion.

On October 21, 2010, Stapleton was paroled from his two state court sentences and released to the U.S. Marshal's Service to commence service of his federal sentence.

On September 13, 2013, Stapleton filed a "Motion for Court's Non-Binding Recommendation to [Bureau of Prison] in Support of BOP's Nunc Pro Tunc Designation under 18 U.S.C. § 3621(b)" ("Motion for Recommendation") [Doc. No. 75]. Stapleton did not contest the BOP's calculation of his sentence. He admitted that his federal sentence was run concurrently to his state parole revocation sentence. However, pursuant to § 3621(b)(4), Stapleton moved the Court for a recommendation to the BOP that the state institution where he served approximately five years of a fifteen-year sentence should be designated retroactively for service of his federal sentence.

When an inmate requests a nunc pro tunc designation to the state institution and a concurrent designation may be appropriate, the BOP reviews the request in light of the factors set out in the Program Statement and 18 U.S.C. § 3621(b). Among the factors are "any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type or penal or correctional facility as appropriate[.]" Typically, where "a designation for concurrent service may be appropriate (*e.g.*, the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term)" the BOP sends a letter to the sentencing court inquiring whether the court has any objection to the retroactive designation.

4

However, the Court previously determined that Stapleton had neither made a request to the BOP for retroactive designation nor that the BOP has denied such a request. It is clear that the authority to designate a place of confinement for federal prisoners rests with the BOP, not with the Court. 18 U.S.C. § 3621(b). If Stapleton makes the request to the BOP, then, typically, the BOP sends a letter to the Court requesting its input. If Stapleton's request for retroactive designation is denied, he could then challenge that decision by a filing a petition pursuant to 28 U.S.C. § 2241 in the district where he is currently housed, setting forth why he believes the BOP's decision was arbitrary or capricious. Since there was no apparent decision by the BOP, nor was there a request by the BOP for input from this Court, the Court denied Stapleton's Motion for Recommendation [Doc. No. 75] and instructed Stapleton to make his request to the BOP.

In this Second Motion for Recommendation, Stapleton again moves the Court for a recommendation to the BOP. This time Stapleton requests that the Court recommend to the BOP that it "retroactively compute [his] federal sentence under 18 U.S.C. § 3621(b) for time served in state prison between his date of arrest, August 22, 2003, and the day before his federal sentence was imposed, January 3, 2005, in accordance with the Court's intent to provide an appropriate sentence and just punishment for the federal offense under 18 U.S.C. § 3553(a)." [Doc. No. 79, p. 6]. Stapleton contends that the Court never had the opportunity to consider the second 15-year sentence because it was imposed 26 days after his federal sentence was imposed, yet it arose out of the same conduct for which he received a 210-months sentence.

The Court has reviewed the record in this matter, the appropriate statutes and case law, a copy of the original Pre-Sentence Investigation Report, obtained information from the Clerk of Courts and other authorities for Ouachita, Caldwell, Winn Parishes, and sought input from the

United States Attorney. After this review, the Court finds, first, that it has no authority to make a recommendation to the BOP on its determination of whether Stapleton was "in custody" of federal authorities between August 22, 2003, and January 3, 2005. *See* 18 U.S.C. § 3585(b) (the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody). Additionally, it appears that the BOP is, in fact, either running Stapleton's federal sentence concurrent to both his state sentences and/or crediting some, if not all, time spent in state custody on his federal sentence. Nevertheless, with no objection from the United States Attorney, if it is not already doing so, the Court recommends to the BOP that Stapleton be given a retroactive designation to allow him to serve his federal sentence at the state institution for the time spent in custody prior to October 21, 2010. It was the intent of the Court that Stapleton serve a total term of 210 months of imprisonment on all state and federal charges. Accordingly,

IT IS ORDERED that Stapleton's " Second Motion for Recommendation [Doc. No. 79] is GRANTED IN PART and DENIED IN PART. To the extent that Stapleton requested a recommendation to the BOP, the motion is GRANTED as set forth above. The motion is otherwise DENIED.

MONROE, LOUISIANA, this 22nd day of May, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE